**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| MARK ROMERO, ) | |
| Plaintiff, ) | |
| vs. ) | **2:13-cv-00426** |
| THE REFINERY BAR AND GRILL, INC., ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Romero filed his Complaint on November 21, 2013, and served it and a summons on Defendant Refinery Bar and Grill on January 23, 2014 after Refinery failed to waive service under Fed. R. Civ. P. 4(d)(1). Refinery's responsive pleading was due February 13, 2014. When Refinery blew that deadline, Romero filed a "Motion for Default" on February 18, 2014, seeking a default judgment. (Docket Entry 6 at ¶ 8.) That apparently lit a fire under Refinery, and on February 19, 2014 its counsel filed an appearance and a request for an extension of time to file an answer. (DE 9, 10.)

Had default been entered, which it wasn't, Refinery's spartan motion would probably be inadequate to meet the requirements under Fed. R. Civ. P. 55(c) for setting aside an entry of default. *See, e.g.*, *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). However, the default *judgment* that Romero seeks is premature at this point because Fed. R. Civ. P. 55(a) requires the *entry of default* by the Clerk of Court before *default judgment* can be sought or granted, and that hasn't happened. *See, e.g.*, *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks."). To the extent that Romero's motion can be construed as a motion for both entry of default and then default judgment, granting that would

be premature at this point as well. Given (1) that Refinery has now indicated its intent to file a responsive pleading and its motion came one court day after the motion for default and three court days after the deadline to answer, (2) this Circuit's preference for determining cases on the merits rather than through default, *Cracco*, 559 F.3d at 631, and (3) the fact that Romero has not been prejudiced by this slight delay at this early stage in the case, entry of default and default judgment are inappropriate at this point. Romero's "Motion for Default" (DE 6) is therefore **DENIED**.

Refinery's counsel has asked for an extension of 30 days to file a responsive pleading. Counsel represents that Refinery has an undisclosed meritorious defense and that Counsel was retained as of February 19, 2014, so needs additional time to consult with Refinery about its answer. This is Refinery's first filing in the case, so this is its first request for an extension, and 30 days is a reasonable period of time to prepare a responsive pleading. Refinery's request for an extension to and including March 21, 2014 to file its answer (DE 10) is therefore **GRANTED**. Refinery is also **CAUTIONED** that the deadlines and other rules in the Federal Rules of Civil Procedure and the Local Rules of this District are not merely advisory, and their continued disregard will not be without consequence.

Due to Refinery's failure to waive service of the complaint and summons, Romero also moved for fees and expenses to cover service pursuant to Fed. R. Civ. P. 4(d)(2). (DE 7.) I **must** impose those expenses on Refinery if the failure to waive service was done without good cause. Refinery has not yet addressed whether it had good cause for its failure to return the waiver of service, so it is **ORDERED** to do so in a response filed concurrently with its answer. Romero may then file a reply if he chooses.

Romero also moved for a hearing on its motions for default and for the fees and expenses for service. (DE 8.) Given that the motion for default is denied and the motion for fees and expenses of service has not yet been fully briefed, the motion for a hearing (DE 8) is **DENIED**. Romero may request oral argument on his motion for service fees and expenses after the motion is fully briefed, should he still feel that a hearing is necessary given the briefing.

For the foregoing reasons, the Court:

(1) **DENIES** Romero's Motion for Default (DE 6);

(2) **GRANTS** Refinery's motion for an extension to March 21, 2014 (DE 10);

(3) **CAUTIONS** Refinery to follow Court rules and deadlines;

(4) **ORDERS** Refinery to respond to Romero's motion for service fees and expenses (DE 7) by March 21, 2014; and

(5) **DENIES** Romero's motion for a hearing on its motions for default and services fees and expenses (DE 8).

**SO ORDERED.**

ENTERED: February 20, 2014

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**